IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DALE SPENCER,

        Plaintiff

VS.

TOMLYN T. PRIMUS, *et. al.*,

        Defendants

**NO. 5:07-CV-24 (CDL)**

**PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE**

# RECOMMENDATION

On July 18, 2008, the undersigned issued an order which directed plaintiff DALE SPENCER to SHOW CAUSE as to why his case should not be dismissed for failure to prosecute this action. Tab #20. He was cautioned that his failure to respond would result in a recommendation of dismissal. On August 4, 2008, that order was returned to the clerk as undeliverable. Tab #21.

In the court's order of February 12, 2007 (Tab #4), plaintiff was advised, *inter alia*, of the following:

### *DUTY TO ADVISE OF ADDRESS CHANGE*

*During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!*

### *DUTY TO PROSECUTE ACTION*

*Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.*

On January 14, 2008, plaintiff Spencer was directed to file a response to defendants' Motion for Summary Judgment (Tab #16) and Motion to Strike (Tab #17). Tab #18. The court's order was sent to the address provided by plaintiff but was returned as undeliverable with the notation "Unable to Forward - Return to Sender." Thereafter, as noted above, the undersigned issued the Show Cause order dated July 18, 2008; this order likewise was returned to the Clerk as undeliverable.

Clearly, plaintiff Spencer has failed to comply with the court's order of February 12, 2007, requiring him to keep the court and other parties advised of his address and further requiring him to diligently prosecute his case. Likewise, he has failed to respond to the court's Show Cause order of July 18, 2008 (which never reached him because of his failure to keep the court advised of his current address).

Under the foregoing circumstances, IT IS RECOMMENDED that this action be DISMISSED *with prejudice.* Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Although it appears to be an exercise in futility, the Clerk is directed to serve the plaintiff with a copy of this order by mailing it to him at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 5th day of AUGUST, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE